PEOPLE ex rel. TOWN OF PELHAM et al. v. VILLAGE OF PELHAM et al.

(Supreme Court, Appellate Division, Second Department. March 19, 1915.)

TAXATION ☞310—CONSTITUTIONAL LIMITATIONS—LOCALITY.

  Laws 1914, c. 510, imposing the duty of assessing and collecting taxes for state, county, town, or village purposes upon the assessors and the receivers of taxes of towns in the county of Westchester, is not in conflict with Const. art. 10, § 2, providing that all city, town, and village officers, whose election or appointment is not provided for thereby, shall be elected by the electors of such towns and villages, or appointed by

such authorities thereof as the Legislature shall designate, since it merely conferred additional powers on the officers of the town in which the village and the property to be assessed was situated, and did not impair the right to have assessments for general taxation made by local authorities.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 511–513; Dec. Dig. ☜310.]

Appeal from Special Term, Westchester County.

Mandamus by the People of the State of New York, on the relation of the Town of Pelham and another, against the Village of Pelham and another. From an order granting a peremptory writ of mandamus, defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Benjamin L. Fairchild, of New York City, for appellants.

Edgar C. Beecroft, of New York City, for respondents.

Moses Miller, of Port Chester, for Town of Rye.

William A. Davidson, of Port Chester, for Westchester County.

STAPLETON, J. The appeal involves the constitutional validity of chapter 510 of the Laws of 1914. The title of the statute reads as follows:

"An act providing additional requirements in the preparation of assessment rolls for the townships and villages and tax districts therein in the county of Westchester, and also providing for the collection of taxes, and providing for and authorizing the sale of land for the nonpayment of taxes for the collection of unpaid taxes in the several towns and villages and tax districts therein, of the county of Westchester."

The design of the law is to confer the power and impose the duty of assessing property for state, county, town, village, or any tax district purposes upon the assessors of towns in the county of Westchester, and to confer the power and impose the duty of the collection of taxes upon the receiver of taxes of those towns. The order appealed from directs the issuance of a peremptory writ of mandamus commanding the performance of a duty laid by the statute.

The village of Pelham is situated in the town of Pelham, and in the county of Westchester, and the village and its treasurer are the defendants. The facts are undisputed. The object of the appeal is to challenge the constitutionality of the law. Village officers complain that powers inherent in their office are taken away. A comprehensive opinion would require the discussion of our theory of government, numerous sections of the state Constitution, the Tax Law, the Town Law, the Village Law, and the law in question. The need of a prompt decision is urgent, the time allotted brief, and elaboration unnecessary.

With the exceptions to which we shall hereafter refer, we deem the appellants' objections to the validity of the statute destitute of merit. The appellants assert that the statute violates section 2 of article 10 of the Constitution of the state of New York, which reads:

"All county officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or

appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct. All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. All other officers, whose election or appointment is not provided ·for by this Constitution, and all officers, whose offices ·may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

In People ex rel. Met. St. Ry. Co. v. Tax Com'rs, 174 N. Y. 417, 434, 67 N. E. 69, 72 (63 L. R. A. 884, 105 Am. St. Rep. 674), referring to this and similar constitutional provisions, the court said:

"These and other commands of the different Constitutions, when read in the light of prior and contemporaneous history, show that the object of the people in enacting them was to prevent centralization of power in the state and to continue, preserve and expand local self-government."

The statute in question does not assume to appoint any one to a local or other office, nor does it attempt to strip local officers of the powers or functions inherent in their office by transferring these powers and functions to officers appointed by the Governor, or the Legislature, or other state authority. At most, it confers additional powers and imposes additional duties on town officers. There is nothing in the express provision of the Constitution which prohibits such legislation. See Wilcox v. McClellan, 185 N. Y. 9, 77 N. E. 986.

The law governing the power of taxation, the processes of its exercise, and the principle of home rule relating to these processes, embodied in the Constitution, as an inseparable incident to republican government, is settled. People ex rel. Met. St. Ry. Co. v. Tax Com'rs,. 174 N. Y. 417, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674; Gautier v. Ditmar, 204 N. Y. 20, 97 N. E. 464, Ann. Cas. 1913C, 960; Cooley's Constitutional Limitations (7th Ed.) c. 7, § 6, p. 243; Id. c. 3, § 4, p. 65.

The courts have been careful to preserve the undoubted right of the people of a locality to have assessments for the purposes of general taxation made by local authority. That right is not impaired, unless the function is directly or indirectly transferred to central or state authority. When we contemplate the history of towns and villages, the nature of their political and corporate existence, the laws framed for their government, the practical identity of territory and inhabitants, the character and functions of their respective offices, and the scheme of governmental taxation, it is emphasizing shadow and ignoring substance to say that it is violative of the principle of local self-government to transfer the processes of taxation from the village officers to the officers of the town in which property involved is situated. "The general legislative power is absolute and unlimited, except as restrained by the Constitution. * * * Every act of the Legislature must be presumed to be in harmony with the fundamental law until the contrary is clearly made to appear." People ex rel. Simon v. Bradley, 207 N. Y. 592, 610, 101 N. E. 766, 772.

We pronounce the statute valid, and affirm the final order, with $50 costs and disbursements. All concur.